Howeed, J.
This is an appeal by plaintiff from a judgment of the Third District Court of New Orleans, maintaining the third opposition of Thos. H. Jones, and ordering the sheriff to pay to the latter the amounts collected, or to be collected, under the original judgment herein rendered in favor of the plaintiff.
The main question is the ownership of the written obligation on which the suit is brought—a receipt given by McAllister & Co. in the name of George G. Ealer, for a sum of money on deposit. *22 Our attention is called to several bills of exception, taken by plaintiff, to the ruling of the lower Court; but we think it necessary to notice only the one to the admission of the testimony of R. C. McAllister, the defendant, on the ground of a direct interest in the result of the suit. His interest is not a disqualifying interest. The contest is for a sum of money owed by him, and it is immaterial to him which of the contestants is successful, or to whom he has to pay. He is therefore a competent witness in this controversy. Other objections are urged to particular portions of his testimony; but, without them and similar testimony objected to, there is sufficient legal proof to establish, beyond any reasonable 'doubt, that Henry A. Ealer, the judgment debtor of Jones, is the real owner of the sum deposited with defendants. -He is the party who made the deposit, took the receipt, at his own suggestion, in the name of his brother, received the two payments credited thereon himself, and always claimed and controlled the debt, until Jones, by a proceeding in a court in St. Louis, where the parties reside, attempted to attach it.
As the levying of the fieri facias, in the case of Jones v. Henry A. Ealer, .in the Fourth District Court of New Orleans, was effectual in seizing the funds realized in this suit, it is unnecessary to inquire into the legality and effect of the other two modes adopted by the third opponent.
The claim or right urged in this Court, by George G. Ealer, to recover counsel fees for obtaining judgment and realizing the money in this suit, as the agent of Henry A. Ealer, is inconsistent with his pleadings and the jiosition he occupies as against Jones. He sued, and has contested throughout the litigation, as principal and owner ; has denied that Henry A. Ealer has any interest, and persistently resisted the efforts of Jones to obtain the money as belonging to Henry A. Ealer. He cannot, in the same proceeding, claim to be the owner and the agent of the owner of the same thing.
Judgment affirmed.